# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:10cv540-RJC-DSC

| | |
|---|---|
| RANDALL E. BUCK, | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) **AND ORDER** |
| JOHN K. GREENLEE, PAULA BRINKLEY, MELANIE J. RICHARDS, PAMELA DAVIS, KEITH MOON, ROBERT BECKER and SHERRY S. BRADSHER, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant Sherry S. Bradsher's "Motion to Dismiss" (Doc. 20) filed on January 5, 2011, Defendants John K. Greenlee, Melanie J. Richards and Pamela Davis' "Motion to Dismiss" (Doc. 26) filed on January 21, 2011, and Defendants Paula Brinkley, Keith Moon and Robert Becker's "Motion to Dismiss" filed on February 7, 2011, and the parties' associated briefs and exhibits (Doc. 21, 27, 33, 40 and 41).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his pro se Complaint on October 27, 2010, pursuant to 42 U.S.C. §§1983, 1985 and 1986. The allegations in the Complaint (doc. 2) stem from investigations originally

conducted by Mecklenburg County Social Services and subsequently by Gaston County Social Services, regarding reports of abuse and neglect of Plaintiff's then minor daughter and his minor grandchildren.

Assuming the facts alleged in the Complaint (doc. 2) to be true, as we must at this stage, in October, 2007, Plaintiff's daughter and her husband were arrested on various charges which prompted Gaston County Social Services to become involved with Plaintiff's nine grandchildren. Gaston County Social Services received a complaint of alleged sexual abuse by Plaintiff based on a report made to Mecklenburg County Social Services twenty years prior. Gaston County Social Services began an investigation into the earlier report. As the investigation proceeded, additional allegations were made against Plaintiff alleging improper contact with his grandchildren. As a result of this investigation, Gaston County Social Services and the Guardian Ad Litem presented a request to the court that contact between Plaintiff and his grandchildren be limited. They later requested that all contact be eliminated, which the court granted.

Plaintiff's Complaint (doc. 2) alleges that employees of Gaston County Social Services and the Office of the Guardian Ad Litem conspired to discredit him with the court, the foster families, and his grandchildren, by fabricating allegations that he committed crimes against his minor daughter and grandchildren. He alleges that the Guardian Ad Litem submitted reports to the court containing information from Gaston County Social Services which was known to be false, and which the court relied upon in issuing orders governing Plaintiff's contact with his grandchildren. Plaintiff alleges that these allegations violated his constitutional rights, privileges and immunities.

Plaintiff seeks injunctive relief vacating all state court orders, removing all information concerning him from state records, and an investigation by an independent third party. He also seeks unspecified compensatory relief.

Defendant John K. Greenlee is a District Court Judge in Judicial District 27A and a state judicial official in North Carolina's General Court of Justice. N.C. Const. art. IV, §§ 2, 10; N.C. Gen. Stat. §§ 7A-4 and 7A-130. Defendant Melanie J. Richardson is a program supervisor with the Guardian Ad Litem program in Judicial District 27A. As such, Defendant Richardson is a paid state employee within North Carolina's judicial branch. Defendant Pamela Davis is a volunteer guardian ad litem with the program in Judicial District 27A. The guardian ad litem is appointed by the court, along with an appointed attorney advocate, to represent the interests of juveniles, and to report to the court when the needs of the juvenile are not being met. N.C.G.S. § 7B-601.

Defendants Keith Moon, Robert Becker and Paula Brinkley are associated with Gaston County Social Services. Moon is the Director (established by N.C.G.S. §108A-12); Becker was the Chairman of the Board of Directors (established pursuant to N.C.G.S. §108A-1 for the purpose of establishing policy); and Brinkley was employed as a social worker.

Defendant Sherry Sherry S. Bradsher is the Director of the North Carolina Division of Social Services.

As noted above, Defendants' Motions have been fully briefed and are, therefore, ripe for disposition.

## II. DISCUSSION

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) if the court does not have subject matter jurisdiction over the claim. The Supreme Court of the United States has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257; Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker–Feldman doctrine is

3

a jurisdictional limitation on lower federal courts intended to ensure that they do not undertake inappropriate appellate review of state courts. See Davani v. Virginia Dept. of Transp., 434 F.3d 712, 716–17 (4th Cir .2006). Rooker and Feldman involved situations where litigants attempted to use federal courts to declare adverse state court judgments null and void. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005). In 2005, the Supreme Court held that the Rooker–Feldman doctrine is limited to the situations presented in those two cases: "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review of those judgments." Id. at 284. Lower federal court review of such judgments is inappropriate because only the Supreme Court may review state court decisions. Id. at 284–85; Davani, 434 F.3d at 719.

"A federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court." Wilner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87 (2d Cir.2005)); see also Davani, 434 F.3d at 719 (stating that Rooker-Feldman applies "even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court"). "In addition to direct challenges to state court judgments, the Rooker- Feldman doctrine prevents plaintiffs from raising issues in federal court that are so "inextricably intertwined" with a state court judgment that they would require the district court to review the state court's ruling. Id. at 747 (citing Feldman, 460 U.S. 462, 482 n. 16 (1983)). As the Fourth Circuit explained, the key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the "state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself." Davani, 434 at 718.

This action falls squarely within the Rooker–Feldman doctrine. Although Plaintiff alleges

violations of "equal protection, due process, right of redress, free association and liberty guaranteed under the First, Fifth, Sixth, Ninth and Fourteenth Amendments to the Constitution of the United States," at its core, Plaintiff's Complaint challenges the investigations by Gaston County Social Services and the state court's orders concerning his grandchildren. Plaintiff specifically seeks injunctive relief vacating all state court orders, removing all information concerning him from state records, and an investigation by an independent third party. The requested relief would require this Court to conduct an appellate review of state court decisions and make determinations that these judgments were erroneously entered, or take action that would render them invalid. This Court is without jurisdiction to provide such relief. Plaintiff's recourse was to appeal to the North Carolina appellate courts. This complaint should, therefore, be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter of the Complaint. For these reasons, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>.

The undersigned will forgo additional analysis as unnecessary, but will note that Defendants' alternative arguments pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) are also persuasive.

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant Sherry S. Bradsher's "Motion to Dismiss" (Doc. 20) filed on January 5, 2011, Defendants

John K. Greenlee, Melanie J. Richards and Pamela Davis' "Motion to Dismiss" (Doc. 26) filed on January 21, 2011, and Defendants Paula Brinkley, Keith Moon and Robert Becker's "Motion to Dismiss" filed on February 7, 2011 be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: April 19, 2011

David S. Cayer
United States Magistrate Judge