UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-540-RJC-DSC

| RANDELL E. BUCK, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| JOHN K. GREENLEE, PAULA | ) | |
| BRINKLEY, MELANIE J. RICHARDS, | ) | |
| PAMELA DAVIS, KEITH MOON, | ) | |
| ROBERT BECKER and SHERRY S. | ) | |
| BRADSHER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court upon Defendant Sherry S. Bradsher's ("Bradsher") Motion to Dismiss, (Doc. No. 20), Defendants John K. Greenlee ("Greenlee"), Melanie J. Richards ("Richards") and Pamela Davis's ("Davis") Motion to Dismiss, (Doc. 26), Defendants Paula Brinkley ("Brinkley"), Keith Moon ("Moon") and Robert Becker's ("Becker") Motion to Dismiss, (Doc. No. 32), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 42), and Plaintiff Randell Buck's ("Plaintiff") timely objection to the M&R, (Doc. No. 43). After a de novo review, this Court **GRANTS** the motions to dismiss.

I.     **FACTUAL BACKGROUND**

Plaintiff does not specifically object to the findings of fact as set forth in the M&R. (Doc. No. 43). Therefore, this Court adopts the facts set forth in the M&R. (Doc. No. 42 at 1-3). Plaintiff alleges that employees of Gaston County Social Services and the Office of the Guardian Ad Litem conspired against him to fabricate allegations that he sexually abused his minor daughter and had improper contact with his grandchildren. As a result, Plaintiff's contact with

his grandchildren was limited, which he alleges violated his constitutional rights. (Doc. No. 2).

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

Where a party claims "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based . . . the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### III.  ANALYSIS

####   A.  Jurisdiction

The Magistrate Judge found that this Court does not have subject matter jurisdiction over this action as it "falls squarely within the Rooker-Feldman doctrine" because "at its core, Plaintiff's Complaint challenges the investigations by Gaston County Social Services, and the state court's orders concerning his grandchildren." (Doc. No. 42 at 5: M&R). Plaintiff argues that the doctrine does not apply because he was not a party to the state action. (Doc. No. 40 at 5).

Federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983). The Supreme Court has recently warned that this Rooker-Feldman doctrine occupies narrow ground. Exxon Mobil, 544 U.S. at 284. Here, it does not apply.

The Rooker-Feldman doctrine does not bar one "from bringing its own action in federal court [where it] was not a party in the state court and was in no position to ask [the United States

3

Supreme Court] to review the state court's judgment." Lance v. Dennis, 546 U.S. 459, 465 (2006); see also Herron v. Mayor and City Council, 198 F. App'x 301, 303 (4th Cir. 2006). In Lance, the defendant argued that Rooker-Feldman deprived the Court of jurisdiction over a case brought by a plaintiff who was not a party to the earlier state action. The defendant admitted that the doctrine did not cover suits by nonparties, but argued that it covered the plaintiff's suit because he was in privity with the state court loser. The Court rejected this argument. 546 U.S. at 466. The Court held that "[w]hatever the impact of privity principles on preclusion rules, Rooker-Feldman is not simply preclusion by another name. The doctrine applies only in 'limited circumstances,' Exxon Mobil, 544 U.S. at 291, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 546 U.S. at 466. The Court did "not address whether there are any circumstances, however limited, in which Rooker-Feldman may be applied against a party not named in an earlier state proceeding." Id. at n.2. The one example the Court gave suggested that the doctrine may bar an estate's "de facto appeal in a district court of an earlier state decision involving the decedent." Id.

Neither party has directly addressed who the parties were in the state actions which Plaintiff seeks to invalidate. Plaintiff alleged in his complaint that the Gaston County Department of Social Services "sought and received an order from the Court to remove all contact between Plaintiff and his grandchildren." (Doc. No. 2 at 12). But in Plaintiff's response to Defendants' motions to dismiss, Plaintiff informed the Court that the North Carolina Attorney General's Office sent Greenlee a letter in November 2010, opining "that Plaintiff was not a party to the case known collectively as the 'Marlowe Children.'" (Doc. No. 40 at 5). Given the nature of North Carolina child custody cases it is unlikely that Plaintiff was a party to the state action, unless he moved to intervene. See N.C. GEN. STAT. § 50-13.1. There is no evidence that

4

Plaintiff intervened in the case.

The Court finds that Plaintiff was not a party to the state court actions which he seeks to upend. Thus, the Rooker-Feldman doctrine does not bar his suit. Lance, 546 U.S. at 466. The Supreme Court's likely exception to Rooker-Feldman's inapplicability to nonparties is very limited. Id. at n.2. The identity of the actual party has changed where an estate takes a de facto appeal of a case involving the decedent. Plaintiff is more removed than such a party. There is no evidence that Plaintiff could have appealed the district court's orders to the North Carolina Court of Appeals, or, eventually, the United States Supreme Court. This Court has jurisdiction under 28 U.S.C. § 1331.

B.  12(b)(6)

Plaintiff contends that Greenlee is liable under 42 U.S.C. § 1983 for "violations of certain protections guaranteed to him by the First, Fifth, Sixth, Ninth, and Fourteenth amendments of the United States Constitution." (Doc. No. 2 at 2). Plaintiff alleges that Brinkley is liable under §§ 1983 and 1985 for "violation and conspiracy to violate" the same constitutional rights. (Id.). Plaintiff alleges that Richards and Davis are liable under 42 U.S.C. § 1985 for conspiracy to violate his rights. (Id.). Plaintiff contends that Moon and Becker are liable under §§ 1983 and 1986 "for violations of certain protections, and for neglect to prevent violations" of Plaintiff's rights. (Id.). Plaintiff alleges that Bradsher is liable under § 1986 "for neglect to prevent certain protections guaranteed to him" by the Constitution. (Id.). All defendants move to dismiss Plaintiff's claims. (Doc. Nos. 20: Bradsher; 26: Greenlee, Richards, and Davis; 32: Brinkley, Moon, and Becker).

    1. 42 U.S.C. §§ 1985 & 1986

Plaintiff seeks to hold Brinkley, Richards, and Davis liable under 42 U.S.C. § 1985.

(Doc. No. 2 at 2-3). Section 1985 provides plaintiffs a cause of action in three circumstances. 42 U.S.C. § 1985(1) provides a cause of action against one who prevents someone from assuming or executing a federal office. This is clearly not applicable. 42 U.S.C. §§ 1985(2) and (3) only make actionable those conspiracies motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (Section three); Phillips v. Singletary, 350 F. Supp. 297, 302-03 (D.S.C. 1972) (holding that 1985(2) also requires race or class based discrimination because "1985(2) and (3) [are] kindred sections of a common statutory scheme"). Plaintiff has not made any racial or other class-based allegations. (Doc. No. 2). Therefore, Plaintiff's § 1985 allegations against Brinkley, Richards, and Davis are dismissed. Richards and Davis are dismissed from this suit.

Plaintiff alleges Moon, Becker, and Bradsher are liable under 42 U.S.C. § 1986. But section 1986 only establishes liability against one who neglects to prevent a violation of section 1985. 42 U.S.C. § 1986; see also Langworthy v. Dean, 37 F. Supp. 2d 417, 424 (D. Md. 1999). Plaintiff did not sufficiently plead such a violation. His § 1986 allegations are dismissed. Bradsher is dismissed from this suit.

    2.    42 U.S.C. § 1983

Plaintiffs § 1983 claims against Greenlee, Brinkley, Moon, and Becker remain. Section 1983 allows suits against any "person" who violates a citizen's constitutional rights under color of state law. 42 U.S.C. § 1983. But a State is not a "person" within the meaning of Section 1983, and cannot be sued under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Id. at 71. Plaintiff cannot maintain an

action against any defendant, in his or her official capacity, if he or she is a state official. Id. at 65. A local government, though, is such a "person" and may be sued under Section 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

      a.      Hon. John K. Greenlee

Greenlee is a Gaston County Superior Court Judge and state official. See S.C. Dep't. of Disabilities and Special Needs v. Hoover Universal, Inc., 535 F.3d 300, 303 (4th Cir. 2008). North Carolina's Constitution invests the judicial power of the state in a General Court of Justice. N.C. CONST. art. IV, § 1. The General Court of Justice consists of an Appellate Division, a Superior Court Division, and a District Court Division. Id. at § 2. Judges of the Superior Court Division are publicly elected. Id. at § 9. Further, "[t]he operating expenses of the judicial department, other than compensation to process servers and other locally paid non-judicial officers, shall be paid from State funds." Id. at § 20; see also Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 (4th Cir. 2005) ("the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded"). Greenlee is a state official. Therefore, Plaintiff may not maintain a § 1983 suit against him in his official capacity.

Plaintiff does not appear to allege anything against Greenlee is his individual capacity. (Doc. No. 2 at 2) (bringing suit against Greenlee "in his capacity as a Judge in the Superior Court of Gaston County, North Carolina"). Regardless, the Court addresses any possible individual capacity allegation pursuant to its duty to liberally construe pro se complaints. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Judges enjoy absolute immunity from individual liability for their judicial acts. Forrester v. White, 484 U.S. 219, 227-28 (1988). Plaintiff does not name Greenlee in his complaint, but only complains of the "court's" orders. (Doc. No. 2). Thus,

7

Plaintiff's allegations against Greenlee are confined to his judicial acts and absolute immunity completely bars liability. Plaintiff's allegations against Greenlee are dismissed.

        b.        Moon, Becker, & Brinkley

Moon and Becker are leaders of the Gaston County Department of Social Services. (Doc. No. 2 at 3). Moon acts as director and Becker is chairman of the board. (Id.). Members of North Carolina county department of social services boards are local officials. See Hunt v. Robeson Cnty. Dep't of Social Servs., 816 F.2d 150, 152 n.2 (4th Cir. 1987). Brinkley is a social worker for the Department of Social Services and, thus, also a local official. (Doc. No. 2 at 2). Plaintiff's claims against Defendants, in their official capacities, are treated as if Plaintiff sued their office directly. Will, 491 U.S. at 71. Because the Department of Social Services is local, it is a "person" for § 1983 purposes. See Monell, 436 U.S. at 690. But local governments "cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Plaintiff's only allegations against Moon and Becker were that they failed to appropriately respond to three letters Plaintiff wrote them about his grandchildren's case or to conduct a thorough investigation. (Doc. No. 2 at 14-22). Plaintiffs allegations against Brinkley stem from her acts toward his family. (Id. at 5-10). Plaintiff did not allege the existence of any policy or custom that caused these alleged violations. (Id. at 5-22). Plaintiff's claims against Moon, Becker, and Brinkley, in their official capacities, are dismissed.

As to any claim against them in their individual capacities, Moon, Becker, and Brinkley move the Court to cloak them with absolute immunity. (Doc. No. 33 at 5-6); see also Haines,

404 U.S. at 520 (requiring the Court to liberally construe Plaintiff's complaint). Social workers are entitled to absolute immunity for their prosecutorial acts of preparing and filing removal petitions. Vosburg v. Dep't of Soc. Servs., 884 F.2d 133, 137-38 (4th Cir. 1989). The Fourth Circuit, however, was careful to emphasize that this did not extend to social workers' investigative or administrative acts. Id. at 138 (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

Moon and Becker are not entitled to absolute immunity, even if the Court were to classify them as social workers. Plaintiff has not alleged any injury from any prosecutorial function of these defendants. Plaintiff's allegations that Moon and Becker failed to institute an investigation into their subordinate's activities would fall under either the investigatory or administrative categories to which only qualified immunity applies. See Imbler, 424 U.S. at 431.

"Qualified immunity protects government officials performing discretionary functions from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Davis v. Prince George's Cnty., 348 F. App'x 842, 843-44 (4th Cir. 2009) (quoting Harlow, 457 U.S. at 818). Moon and Becker bear the burden of proof to prove their entitlement to qualified immunity. Hunter v. Bryant, 502 U.S. 224, 233 (1991).

Plaintiff alleged that Moon and Becker violated his rights in their capacities as director and chairman of the board of the Gaston County Department of Social Services. (Doc. No. 2 at 3). Thus, Plaintiff does not dispute that Moon and Becker were acting in their discretionary function. The Court must determine whether: (1) "the facts that a plaintiff has alleged or shown make out a violation of a constitutional right;" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223,

9

232, 236 (2009) (making the above sequence optional "in light of the circumstances in the particular case at hand").

Plaintiff has not sufficiently plead that Moon or Becker violated his constitutional rights. Supervisors may be held liable for their subordinates' constitutional violations only if Plaintiff shows:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal citations and quotations omitted). Plaintiff alleges that he wrote Moon two letters. (Doc. No. 2 at 14-15). In the first letter, Plaintiff requested that Moon institute an investigation into the department's handling of the custody cases. (Id. at 14). Moon responded that the department complies with all applicable law and court orders in custody cases, but gave Plaintiff information needed to lodge a complaint. (Id.). Plaintiff wrote Moon a second letter demanding an explanation for Brinkley's instruction to keep the Plaintiff's grandchildren away from him and for information on any allegations against him. (Id. at 15). Moon forwarded the letter to management staff for review. (Id.). Plaintiff's letters did not apprise Moon of any pervasive or even repeated constitutional violations. Nor can Plaintiff show deliberate indifference. Plaintiff's allegations against Moon are dismissed.

Plaintiff alleges that he sent one letter to Becker, requesting that he institute an investigation into the department's handling of the custody cases. (Id. at 14). Plaintiff's case against Becker is even weaker than his claim against Moon. His allegations against Becker are

dismissed.

Brinkley is entitled to absolute immunity for her prosecutorial acts, but not for her investigatory acts. Vosburg, 884 F.2d at 138. Plaintiff alleged that Brinkley: (1) was slow to investigate a twenty-year-old sexual abuse allegation made against Plaintiff or to timely complete a home study, (Id. at 6-7, 18); (2) forbade contact between Plaintiff and his grandchildren in September 2010 because she was sure he "just had to be guilty of something," (Id. at 8, 22); (3) informed the court that Plaintiff had unauthorized contact with his grandchildren and showed them sexually explicit books, (Id. at 9); (4) forbade contact between Plaintiff and his grandchildren in June and July 2009 because of this alleged distribution of pornography, (Id. at 10); (5) forbade contact between Plaintiff and his grandchildren in November 2009 because of an alleged inappropriate "tickle game" he played with the children, (Id. at 11); (6) condoned the actions of his granddaughter's foster mother when she told his granddaughter that Plaintiff had given her a wedding ring and wanted to do bad things to her, (Id. at 12); (7) strip searched Plaintiff's grandchildren and took them "to the doctor for another physical search," (Id. at 18).

Brinkley is absolutely immune from any harm caused by her report to the court that Plaintiff had unauthorized and inappropriate contact with his grandchildren. This is the paradigmatic prosecutorial function that the Vosburg court shielded. 884 F.2d at 137 (noting that the activities of judges, advocates, and witnesses are intimately associated with the judicial process); see also Butz v. Economou, 438 U.S. 478, 512 (1978). But Plaintiff's other allegations center around Brinkley's investigation, or lack thereof, and commands she made to Plaintiff's family members. Brinkley is only entitled to qualified immunity for these actions. See Vosberg, 884 F.2d at 138.

11

Brinkley bears the burden of proof to prove her entitlement to qualified immunity. Hunter v. Bryant, 502 U.S. 224, 233 (1991). Plaintiff alleged that she violated his rights in her capacity as a social worker for the Gaston County Department of Social Services. (Doc. No. 2 at 2). Thus, he does not dispute that she was acting in her discretionary function. The Court must then determine whether: (1) "the facts that a plaintiff has alleged or shown make out a violation of a constitutional right;" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009).

Plaintiff's first allegation, regarding Brinkley's dilatory investigation, fails to state a violation of his constitutional rights. The Sixth Amendment's right to a speedy trial does not guarantee a speedy investigation. U.S. CONST. amend. VI. The Constitution also does not give citizens a right to have law enforcement clear their name upon request.

Plaintiff's second, fourth, and fifth allegations, that Brinkley prevented him from contacting his grandchildren, also fail to state a constitutional violation. Grandparents have no constitutional right to visitation. See Troxel v. Granville, 530 U.S. 57 (2000). They can, however, apply for and obtain state visitation rights in certain situations. See N.C. GEN. STAT. §§ 50-13.2(b1), 50-13.2A, 50-13.5(j). But Plaintiff never established any state right to visitation. Thus, Brinkley cannot be liable for her alleged deprivation without due process. See Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 463 (1981) ("the underlying right must have come into existence before it can trigger due process protection").

Plaintiff's sixth claim, that Brinkley "sanctioned and condoned" the foster mother's comments, does not state a constitutional violation. It is not clear what action Plaintiff alleges that Brinkley actually took. Plaintiff has not alleged sufficient facts to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12

Plaintiff lacks standing to assert his seventh claim, that Brinkley strip searched Plaintiff's grandchildren and took them "to the doctor for another physical search," (Id. at 18). If anyone's Fourth Amendment freedom from illegal search was violated, it would have been that of the children themselves. See Safford Unified School Dist. #1 v. Redding, 129 S. Ct. 2633 (2009). Ordinarily, this right cannot be "vicariously asserted" by a third party. See Brown v. United States, 411 U.S. 223, 230 (1973). Even if the children's parents or guardian may have standing to vicariously assert such a claim, Plaintiff does not. See Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 15-16 (2004) (recognizing limits to parental standing). Plaintiff has never been awarded custody of his grandchildren and may not assert their Fourth Amendment rights in this suit.

All of Plaintiff's claims against Brinkley are dismissed.

## IV. CONCLUSION

This Court has subject matter jurisdiction over this case, but Plaintiff's claims against Defendants are all dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Bradsher's Motion to Dismiss, (Doc. No. 20), is **GRANTED**;

2. Greenlee, Richards, and Davis's Motion to Dismiss, (Doc. No. 26), is **GRANTED**;

3. Brinkley, Moon, and Becker's Motion to Dismiss, (Doc. No. 32), is **GRANTED**;

4. Plaintiff's Complaint, (Doc. No. 2), is **DISMISSED WITH PREJUDICE**.

Signed: September 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge